IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REPUBLIC FRANKLIN INSURANCE COMPANY, | No. 4:20-CV-01741 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| EBENSBURG INSURANCE AGENCY, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JANUARY 21, 2022

I.   BACKGROUND

In 2020, Republic Franklin Insurance Company ("Republic") filed an amended complaint against Ebensburg Insurance Agency ("Ebensburg"), Keystone Insurers Group, Inc. ("Keystone"), and American Builders Insurance Company ("American") seeking a declaration that it was not required to defend or indemnify Ebensburg or Keystone in an action asserted against them by American.[1]

This complaint stems from an underlying suit filed by American in 2019 against Keystone and Ebensburg in connection with inaccurate information contained on a workers' compensation insurance application that was submitted to American.[2] In 2015, Ebensburg, one of Keystone's partner agencies, prepared and

---

[1] Doc. 12.
[2] *Id.* ¶ 12.

submitted a workers' compensation insurance application to American.[3] The application was submitted on behalf of Custom Installations, a roofing company whose employees worked over 15 feet above the ground.[4] American alleges in its suit that information contained within that application was false—specifically as it related to the height at which Custom Installations' employees worked—and that Ebensburg negligently, recklessly, intentionally, or fraudulently submitted this information to American.[5]

Republic in turn had issued an insurance policy to Ebensburg effective from September 1, 2019 to September 1, 2020.[6] The policy covered Ebensburg's liability for "any 'claim' arising out of a 'wrongful act.'"[7] The policy only applied to past "wrongful acts" where "[t]he insured had no knowledge that such 'wrongful act' was likely to give rise to a 'claim' hereunder."[8] The policy further provided that Republic must defend claims asserting that a wrongful act was "intentional, criminal, fraudulent, dishonest, malicious, knowing or willful," but precluded indemnification if the insured is ultimately found to have acted in such a manner.[9]

---

[3] *Id.* Ex. G ¶¶ 13, 20.
[4] *Id.* Ex. G ¶¶ 17-20.
[5] *Id.* Ex. G ¶¶ 20, 28-29.
[6] *Id.* ¶ 14.
[7] *Id.* ¶ 19.
[8] *Id.* ¶ 15.
[9] *Id.* ¶ 18.

The policy also contained an additional-insured endorsement, effective September 1, 2018.[10] The endorsement provided that the coverage definitions and exclusions governing the broader policy also apply to the endorsement.[11] The endorsement additionally specified that it did not cover "[a]ny 'claim' for, or arising out of a 'wrongful act' which any insured knew of before the effective date of this endorsement."[12]

Based on that language, Republic in this action sought a declaration that it had no duty to defend or indemnify Keystone or Ebensburg in relation to the underlying suit under the two prior-notice provisions (which specify that coverage only applies to wrongful acts of which the insured had no prior knowledge) and that it has no duty to indemnify under the intentional-acts exclusion. Republic alleged that both Keystone and Ebensburg knew that Ebensburg had committed a "wrongful act" by submitting Custom Installations' application to American.

Keystone and Ebensburg thereafter filed motions to dismiss the complaint, asserting that the four corners of the underlying complaint did not demonstrate that the exclusions contained within the policy applied.[13] This Court granted both motions to dismiss.[14]

---

[10] *Id.* at ¶ 17.
[11] *Id.*
[12] *Id.*
[13] Docs. 22, 28.
[14] Docs. 33, 34.

3

The Court first determined that "the prior-notice provisions constitute exclusions and not conditions precedent"[15] and, accordingly, the Court could not consider extrinsic evidence in determining whether Republic had a duty to defend and indemnify Ebensburg and Keystone.[16] This Court next concluded "that the prior-notice exclusions do not obviate Republic's duty to defend or indemnify Keystone or Ebensburg"[17] as "the underlying complaint does not allege facts showing that either Keystone or Ebensburg possessed subjective knowledge that they had committed a wrongful act."[18] Consequently, the Court dismissed with prejudice Republic's claims related to its duty to defend.[19] This Court declined to consider Republic's duty to indemnify, as that issue was not yet ripe, and therefore dismissed without prejudice Republic's duty to indemnify claims.[20]

After this Court's Memorandum Opinion issued, Republic filed a notice of appeal,[21] and simultaneously filed a motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) or, in the alternative, to certify an immediate interlocutory appeal.[22] In its motion, Republic argues that all factors are met to immediately enter final judgment as to its duty to defend claims, and final judgment

---

[15] Doc. 33 at 11.
[16] *Id.* at 11-13.
[17] *Id.* at 13.
[18] *Id.* at 16; *see id.* at 13-17.
[19] *Id.* at 17.
[20] *Id.* at 17-18.
[21] Doc. 35.
[22] Docs. 36, 37.

should therefore be entered against it as to those claims.[23] In the alternative, Republic asserts that this Court should certify an interlocutory appeal because the Court's Order involves a question of law of which there is a substantial ground for difference of opinion, and an immediate appeal will materially advance this litigation.[24]

Keystone and Ebensburg respond that entry of final judgment should be denied because Republic will not suffer any specific hardship that could only be alleviated by an immediate appeal, nor do the equities weigh in favor of an immediate appeal, as Keystone and Ebensburg would be forced to expend additional resources on an appeal that may become moot should judgment be entered in the underlying litigation prior to the completion of an appeal in this case.[25] Keystone and Ebensburg further argue that certifying an interlocutory appeal is not appropriate, as there is no substantial ground for differences of opinion regarding this Court's ruling, and an immediate appeal would not advance this litigation.[26] Republic has filed a reply brief,[27] and this matter is now ripe for disposition. For the following reasons, the motion will be granted, and final judgment will be entered, pursuant to Rule 54(b), as to Republic's duty to defend claims.

---

[23] Doc. 37 at 10-14.
[24] *Id.* at 14-23.
[25] Doc. 39 at 10-14. *See* Doc. 40 at 5.
[26] Doc. 39 at 14-23; Doc. 40 at 5-10.
[27] Doc. 41.

## II.   DISCUSSION

Federal Rule of Civil Procedure 54(b) provides that when, as here, "an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "Rule 54(b) attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties."[28]

The United States Court of Appeals for the Third Circuit has instructed that "[c]ertification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court."[29] Under Rule 54(b), district courts "act as a dispatcher" and, accordingly, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[30] Therefore, "Rule 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel" as the "power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute . . . and rule."[31]

---

[28] *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012) (internal quotation marks omitted).
[29] *Id.*
[30] *Id.* (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8 (1980)).
[31] *Id.* (brackets and internal quotation marks omitted).

In ruling on Rule 54(b) motions, courts must follow a two-step process. "[A] district court [must] first determine whether there has been an ultimate disposition on a cognizable claim for relief as to a claim or party such that there is a 'final judgment.'"[32] Finality of judgment "is defined by the requirements of 28 U.S.C. § 1291, which are generally described as ending 'the litigation on the merits and leaving nothing for the court to do but execute the judgment.'"[33] "Rule 54(b) does not alter this definition, but allows a judgment to be entered if it has the requisite degree of finality as to an individual claim in a multiclaim action."[34]

At step two, if the district court "determines that there has been such a disposition, '[it] must go on to determine whether there is any just reason for delay,' taking into account 'judicial administrative interests as well as the equities involved.'"[35] The Third Circuit has provided five factors that should be considered in determining whether there is no just reason to delay the entry of final judgment:

> (1) the relationship between the adjudicated and unadjudicated claims;
>
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and]

---

[32] *Id.* (quoting *Curtiss–Wright Corp.,* 446 U.S. at 7).
[33] *Sussex Drug Prod. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 275 (1988) (brackets omitted)).
[34] *Id.*
[35] *Elliott*, 682 F.3d at 220 (quoting *Curtiss–Wright Corp.,* 446 U.S. at 7-8).

7

(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.[36]

Here, the first step is decisively met. In granting the motions to dismiss, this Court concluded that, based on the four corners rule, as a matter of law nothing obviated Republic's duty to defend Keystone and Ebensburg.[37] The Court therefore dismissed with prejudice Republic's claims related to its duty to defend,[38] which essentially "end[ed] 'the litigation on the merits and [left] nothing for the court to do but execute the judgment'" on those claims.[39]

With regard to the second step, a careful consideration of the five relevant factors weighs in favor of concluding that there is no just reason for delay. First, there is little overlap in the relationship between the adjudicated and unadjudicated claims. Although Republic's claims as to its duty to indemnify will involve the same contract as its claims related to its duty to defend, the dispositive facts may be markedly different from the allegations contained in the complaint. Unlike claims related to a duty to defend—which depend solely on the four corners of the complaint—claims related to an obligation to indemnify "'cannot be determined merely on the basis of whether the factual allegations of . . . [the] complaint potentially state a claim against the insured'" and instead rely on facts that have

---

[36] *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006).
[37] Doc. 33 at 13-17.
[38] *Id.* at 17.
[39] *Sussex Drug Prod.*, 920 F.2d at 1153 (quoting *Gulfstream Aerospace Corp.,* 485 U.S. at 275).

8

"been proven *in the underlying litigation*."[40] Accordingly, the relationship between the adjudicated and unadjudicated claims weighs in favor of entering judgment under Rule 54(b).

In contrast, the second consideration weighs slightly against granting Republic's motion. The underlying litigation is ongoing, and there is at least some possibility that said litigation will resolve prior to the completion of any appeal in this case. Should the underlying litigation resolve, Republic would no longer need to defend Keystone or Ebensburg, and any appeal here would be moot. Of course, even if the underlying litigation resolved, there remains the distinct possibility of an appeal from that judgment, which would likely extend Republic's duty to defend in that matter beyond the completion of the appeal in this case. Consequently, the possibility that future developments in the underlying litigation will moot the need for review here is remote, and this factor weighs only slightly against the entry of final judgment.

Third, there is little possibility that the Third Circuit would be required to consider any specific issues raised on appeal a second time. If the Third Circuit affirms this Court's ruling, then Republic will be required to defend Keystone and Ebensburg in the underlying action, and no second appeal of that determination would be appropriate. If, on the other hand, the Third Circuit reverses this Court's

---

[40] *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 478 (M.D. Pa. 2020) (quoting *C. H. Heist Caribe Corp. v. Am. Home Assur. Co.*, 640 F.2d 479, 483 (3d Cir. 1981)).

decision, this Court would then be required to review extrinsic evidence to determine whether Republic must defend Keystone and Ebensburg, and any subsequent appeal would examine only this Court's application of that extrinsic evidence to the relevant contractual provisions, rather than reexamine the question of whether such evidence may be reviewed in the first instance. This factor therefore weighs in favor of entering final judgment in accordance with Rule 54(b).

Fourth, there is no claim or counterclaim present here that could result in a set-off, which weighs in favor of granting Republic's motion. Finally, the miscellaneous factors that the Third Circuit has instructed courts to review are largely neutral. As this Court explicated in its decision granting the motions to dismiss, the claims that Republic seeks to appeal do not, in the Court's view, have merit. However, the resources that Republic would be forced to expend in defending the underlying action—resources that it contends it should not be required to expend—far outweigh the resources that Keystone and Ebensburg would be required to expend on appeal. Permitting an immediate appeal would also not delay these proceedings, given that Republic's only potentially viable claims have been dismissed without prejudice, and may only be reinstated upon conclusion of the underlying litigation. Moreover, an immediate appeal may further the conclusion of the underlying action, as the entities may be more willing to settle that action—depending upon the outcome of the appeal here.

In sum, the five factors that guide a determination of whether there is no just reason to delay entry of final judgment weigh in favor of granting Republic's motion. Accordingly, the Court will enter final judgment with respect to Republic's claims that it is not required to defend Keystone or Ebensburg in the underlying action.[41]

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that it is appropriate to enter final judgment as to Republic's claims that it need not defend Keystone or Ebensburg, and Republic's motion for entry of final judgment will be granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[41]  Because the Court will enter final judgment pursuant to Rule 54(b), it declines to reach Republic's alternative argument that this Court should certify an interlocutory appeal.

11